**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 27, 2011

No. 11-30060
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY K. CALETKA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CR-299-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Gregory K. Caletka was convicted pursuant to a guilty plea of committing Social Security fraud by making materially false statements. 42 U.S.C. § 408(a)(3). He was sentenced at the low end of his sentencing guidelines range to an 18-month term of imprisonment. Caletka argues that the district court should have granted his request for a downward departure or variance and that its failure to do so resulted in a sentence that was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). He contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was entitled to a shorter sentence in light of his severe physical impairments, his age, his lack of a criminal history, and his low risk of recidivism.

We lack jurisdiction to consider whether the district court erred in denying Caletka a downward departure based on his physical impairments. We may review the denial of a downward departure only if the district court erroneously believed it lacked the authority to depart. *United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008). Caletka has not alleged, and the record does not indicate, that the district court believed it lacked that authority. At sentencing, the district court specifically noted that it could depart from the Sentencing Guidelines under U.S.S.G. § 5H1.4 if it determined that Caletka had an extraordinary physical impairment.

We do have jurisdiction to consider whether, in light of the factors Caletka raised in support of his argument for a downward departure, Caletka's sentence is greater than necessary to achieve the sentencing goals set forth in § 3553(a). Generally, we review criminal sentences for reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). If, however, a defendant failed to object to an error at sentencing, we will review the issue for plain error only. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). A sentence that falls within a defendant's properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

In the district court Caletka requested a downward variance based on his physical infirmities, lack of criminal history, age, and low risk of recidivism, but he did not object to the reasonableness of the sentence imposed. It is unclear under those circumstances whether Caletka's arguments are limited to plain error review. *See Peltier*, 505 F.3d at 391–92 (holding that a defendant's failure to object to the reasonableness of his sentence limits this court's review to plain error); *but see United States v. Rodriguez*, 523 F.3d 519, 525–26 & n.1 (5th Cir.

2008) (reviewing for abuse-of-discretion a district court's denial of a downward variance in a case where the defendant presented detailed assertions and testimony in support of the variance, but did not specifically object to the reasonableness of his sentence). This court need not resolve the issue because Caletka's sentence may be affirmed even under the more lenient abuse of discretion standard.

At sentencing, the district court considered and rejected Caletka's arguments for a below guidelines sentence. It found that Caletka's lack of criminal history was accounted for in the Guidelines and that his physical problems, age, and low risk of recidivism did not outweigh the serious nature of his offense. Although Caletka's physical impairments could have supported a sentence below the guidelines range, he cannot show that they would mandate that result. *See, e.g., United States v. Castillo*, 430 F.3d 230, 240–41 (5th Cir. 2005); *United States v. Winters*, 105 F.3d 200, 208–09 (5th Cir. 1997); *United States v. Guarjardo*, 950 F.2d 203, 208 (5th Cir. 1991). Caletka has presented nothing to indicate that the district court abused its discretion in weighing the § 3553(a) factors. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008). His disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied* 130 S. Ct. 1930 (2010).

AFFIRMED.